UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**ROBERT MUSTAFA LA'HORI,**

    **Plaintiff,**

v.                                                                Case No.: 3:23-cv-1307-WWB-MCR

**ROBERT A. HARDWICK,
SERGEANT DOMENIC GIORDANO,
JOHN FRANC McGUIRE, BRIAN
ARMENTA, GAVIN DANE HIGGINS,
THOMAS BICKHART, and GREGORY
MONTGOMERY,**

    **Defendants.**
_____/

## MOTION TO DISMISS AMENDED COMPLAINT

Defendants ROBERT A. HARDWICK, ("Sheriff Hardwick"), SERGEANT DOMENIC GIORDANO ("Sgt. Giordano"), JOHN FRANC McGUIRE ("Deputy McGuire"), BRIAN ARMENTA ("Deputy Armenta"), and GAVIN DANE HIGGINS ("Deputy Higgins") (collectively the "Moving Defendants[1]"), through undersigned counsel, and pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, and Local Rules 3.01, move to dismiss Plaintiff's Amended Complaint (ECF. 28), and, in support, state:

    1.    On November 3, 2023, Plaintiff filed his Complaint (ECF. 1) against Sheriff Hardwick, Sgt. Giordano, and "John Does" numbers 3 through 10. All Defendants were sued in both their official and independent capacities. (Id. at pp. 2-5).

---

[1] Newly identified Defendants Thomas Bickhart and George Montgomery have not been served with process. Although the claims against them are mentioned below, this is only for background.

2. Following Notice (ECF. 6), this Court ordered the Clerk to update the docket to reflect Does 1-3 as Defendant Deputies McGuire, Armenta, and Higgins. (ECF. 11).

3. On February 16, 2024, the Moving Defendants filed a Motion to Dismiss. (ECF. 14). On March 8, 2024, Plaintiff filed a Motion to Amend his "Statement of Claim" which is essentially his Complaint. (ECF. 17). On March 18, 2024, Plaintiff filed an opposition to the Moving Defendants' Motion to Dismiss. (ECF. 18). On the same date, Plaintiff filed a Notice with the Court identifying Does 5-9. (ECF. 19).

4. On March 26, 2024, this Court granted Plaintiff's Motion to Amend and ordered Plaintiff to file a "complete amended complaint" which had to "contain all claims and allegations" Plaintiff wished to raise. (ECF. 20).

5. On June 5, 2024, Plaintiff filed an Amended Complaint. (ECF. 28). The Amended Complaint identifies the following seven Defendants and the respective capacities in which each is sued:

| **Defendant** | **Capacity** |
|---|---|
| Brian Armenta | Individual |
| Thomas Bickhart | Individual and Official |
| Gavin Dane Higgins | Individual |
| John Franc McGuire | Individual and Official |
| George Montgomery | Individual |
| Domenic Giordano | Individual and Official |
| Robert A. Hardwick | Individual and Official |

6.  Plaintiff's Amended Complaint is based upon an incident which occurred on or around March 25, 2023. The relevant facts, in summary, are:

  a. Deputy Armenta performed a PIT maneuver[2] on the vehicle driven by Plaintiff. (ECF. 28, pp. 13-14, ¶ 7).

  b. Following the PIT, Plaintiff fled on foot "alongside the woodline of I-95." (Id., p. 14, ¶ 9). Before he reached the woodline, Plaintiff was tasered by Deputy Armenta and tackled by Deputy Armenta and Deputy McGuire. (Id., ¶ 10).

  c. Deputy Armenta then "mounted" Plaintiff, pressed his hand on Plaintiff's face (even though Plaintiff was facing down) and tasered Plaintiff multiple times even though he was not resisting. (Id., ¶¶ 11-14).

  d. Deputy McGuire stuck Plaintiff in his face and right eye "multiple times" even though Plaintiff was not resisting. (Id., p. 15, ¶ 15).

  e. Deputy Montgomery held Plaintiff's feet "forcefully down in the grass" even though Plaintiff was not resisting. (Id., ¶ 16).

  f. Deputy Higgins "kneeled down with his knee in Plaintiff['s] back cutting off Plaintiff['s] breathing circulation." (Id., pp. 15-16, ¶ 17).

  g. Deputies Armenta, Montgomery, and Higgins witnessed Deputy McGuire strike Plaintiff (see above, ¶ 9, d), but "did nothing to stop it." (Id., ¶ 18).

  h. Sheriff's deputies (not identified as Defendants) interfered with and deprived Plaintiff of medical care.

---

[2] A PIT (Precision Immobilization Technique) Maneuver is a technique used by law enforcement personnel to force a fleeing vehicle to abruptly turn 180 degrees, causing the vehicle to stall and stop. https://www.ojp.gov/ncjrs/virtual-library/abstracts/studying-how-maneuver-suspects-stop.

      i. Sgt. Giordano determined there was no basis for an internal affairs investigation. (Id., pp. 18-19, ¶ 32).

      j. Sheriff Harwick allegedly knew of media reports involving his deputies, including this incident, but failed to "fix or admonish" his deputies for their alleged violation of policies. (Id., ¶¶ 35-37).

7. Plaintiff's "**Claims for Relief**" in his Amended Complaint are:

1. Deputy McGuire used force that was malicious and sadistic in violation Plaintiff's Fourth and Fourteenth Amendment rights;

2. Deputy McGuire's violated Plaintiff's Eighth Amendment rights by striking Plaintiff more than one time with the intent to cause bodily harm;

3. Deputy Armenta violated Plaintiff's Fourth and Eighth Amendment rights by using physical force that was "purposeless and without need;"

4. Deputy Higgins used excessive and unnecessary force in violation of Plaintiff's Fourth and Eighth Amendment rights;

5. Defendants McGuire, Montgomery, Armenta, and Higgins all used excessive force and failed to intervene to prevent the misuse of force in violation of Plaintiff's Fourth and Eighth Amendment rights;

6. Sgt. Giordano's failure to follow specified criteria of Internal Affairs Polices violated Plaintiff's Fourteenth Amendment rights;

7. Sheriff Hardwick's refusal to discipline Deputies Armenta, Higgins, Bickhart, McGuire, and Montgomery for the use of force constituted deliberate indifference in violation of Plaintiff's Fourteenth Amendment rights;

8. Sheriff Hardwick was deliberately indifferent to the serious medical needs of Plaintiff in violation of Plaintiff's Eighth Amendment rights;

9. Sheriff Hardwick and "subordinates," who on March 26, 2024 deprived Plaintiff of medical care, were deliberately indifferent to Plaintiff's serious medical needs in violation of Plaintiff's Eighth Amendment rights.

(ECF. 28, pp. 20-22).

8.  Plaintiff's is not entitled to relief under the Eighth Amendment in Claims 2, 3, 4, 5, 8, and 9 because at the time of this incident, Plaintiff was not a convicted prisoner.

9.  Despite naming Sheriff Hardwick as a Defendant and specifying that he was sued in his individual capacity, nowhere in Plaintiff's Complaint is there a single allegation concerning a specific act or omission by the Sheriff, individually. (ECF. 28 at pp. 13-19). Nor has Plaintiff stated any Claim for Relief against Sheriff Hardwick for any actions he took in an individual capacity. (Id. at pp. 21-22, Claims 7-9). As such, this Court should dismiss Sheriff Hardwick in his individual capacity as a party.

10. In addition, there are no allegations that any policy, custom, or practice of or the failure to train or supervise by the St. John's County Sheriff's Office was the "moving force" which caused either the force that was used by deputies nor the delivery of medical care, nor any other alleged violation of any constitutional right of Plaintiff's. As such, this Court should dismiss as a party Sheriff Hardwick in his official capacity, and dismiss Claims 7, 8, and 9; and further dismiss Deputy McGuire (Claims 1 and 2) and Sgt. Giordano (Claim 6) to the extent they are sued in their official capacity.

11. Plaintiff fails to state a claim against Sgt. Giordano. There are insufficient facts that Sgt. Giordano's August 1, 2023, letter, attached to Plaintiff's Amended

5

Complaint, deprived Plaintiff of any constitutional protection, warranting dismissal of Claim 6.

12.     Finally, all official capacity claims other than that involving Sheriff Harwick should be dismissed as duplicative.

## MEMORANDUM OF LAW

In compliance with Local Rule 3.01, the Defendants submit this Memorandum of Law.

### I.     Legal Standard

To survive a motion to dismiss brought under Rule 12(b)(6) of the *Federal Rules of Civil Procedure*, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A claim is plausible on its face where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The determination of whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[T]he court may dismiss a complaint pursuant to *Federal Rule of Civil Procedure* 12(b)(6) when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

Pro se pleadings are held to a less stringent standard and are liberally construed. But, the Eleventh Circuit recently observed in *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020), ""[Courts] liberally construe pro se pleadings and hold them to less

stringent standards than we apply to formal pleadings that lawyers draft. Nevertheless, we cannot act as de facto counsel or rewrite an otherwise deficient pleading to sustain an action." (quotation and citations omitted).

## II. Argument

### A. Plaintiff Cannot Maintain Any Eighth Amendment Claims

At the time of the incident on March 25, 2023, Plaintiff was not a convicted inmate. Therefore, his claims may not be grounded on the Eighth Amendment's prohibition of cruel and unusual punishment. *Goodman v. Kimbrough*, 718 F.3d 1325 (11 Cir. 2013). And while the Eleventh Circuit has previously observed that such a claim should be analyzed under the Due Process Clause of the Fourteenth Amendment, it is curious that Plaintiff specifically referenced that Amendment for specific claims in the Amended Complaint versus others for which he chose not to. See Claims 1, 6, and 7 (ECF. 28, pp. 20-22). In any event, each claim alleging relief under the Eighth Amendment is due to be dismissed, as detailed below.

- Claim 2 is duplicative of Claim 1 – both concern the force used by Deputy McGuire[3]. As such, Claim 2 should be dismissed with prejudice.
- Claims 3, 4, and 5 also seek relief under the Fourth Amendment, which is arguably proper, and is therefore also duplicative.
- Claims 8 and 9, which allege claims against Sheriff Hardwick (and no other named individual) of Deliberate Indifference to Serious Medical Needs must

---

[3] Contemporaneous with the filing of this Motion, Deputy McGuire is filing an Answer to respond to Claim 1.

be dismissed – not only because of the inapplicability of the Eighth Amendment but also because of independent reasons detailed below.

### B. Plaintiff Failed to Adequately Allege *Monell* Liability

Plaintiff has sued Sheriff Hardwick in both his individual and official capacities. Without a single factual allegation to support the Sheriff's personal involvement, however, the individual capacity claim fails as the starting line.

As to the official capacity claim, in *Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991), the Eleventh Circuit held:

> [W]hen an officer is sued under [§] 1983 in [his] official capacity, the suit is simply another way of pleading an action against an entity of which an officer is an agent. Such suits against municipal officers are, therefore, in actuality, suits directly against the city that the officer represents.

*See also Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 690 n.55 (1978).

The Supreme Court has mandated that lower courts "remain vigilant in policing the boundaries separating tort law from constitutional law." *Harris by & through Davis v. Autry*, No. 20-13480, 2022 WL 392169, at *8 (11th Cir. Feb. 9, 2022) (*citing Nix v. Franklin Cnty. Sch. Dist.*, 311 F.3d 1373, 1379 (11th Cir. 2002). Because a local governmental entity cannot be held liable on the basis of *respondeat superior* under Section 1983, courts must ensure that tort claims disguised as constitutional violations are exposed and rejected. *Underwood v. City of Bessemer*, 11 F.4th 1317, 1333 (11th Cir. 2021) (*citing Monell*, 436 U.S. at 692); *St. Louis v. Praprotnik*, 485 U.S. 112, 121–22 (1988); *Pembaur v. Cincinnati*, 475 U.S. 469, 478–81 (1986); *Monell*, 436 U.S. at 690, 694 (holding "that a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents."); *and see Bowman v. Hunter,* No.: 3:22-cv-545-MMH-MCR, 2023 WL 2561335, *4 (M.D. Fla. Mar. 17, 2023) ("The Supreme Court of the United States has

soundly rejected the theory of respondeat superior as a basis for liability in § 1983 actions.").

Instead, "[t]o impose liability on a government entity, the plaintiff must show '(1) that his constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation.'" *Jennings v. Stewart*, 461 F. Supp. 3d 1198, 1200 (N.D. Fla. 2020), *quoting McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004). "[R]ecovery from a municipality is limited to acts that are, properly speaking, acts of the municipality— that is, acts which the municipality has officially sanctioned or ordered." *Pembaur*, 475 U.S. at 480. This liability can only attach if the constitutional injuries resulted from an official government policy, the actions of an official fairly deemed to represent government policy, or a custom or practice so pervasive and well-settled that it assumes the force of law. *Monell,* 436 U.S. at 694.

Under *Monell,* a governmental entity may only be sued under section 1983 when a plaintiff's injuries are caused by an official policy of the municipality. Thus, a plaintiff must "identify a municipal 'policy' or 'custom' that caused the plaintiff's injury." *Board of Cty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997) (citation omitted). A plaintiff "has two methods by which to establish a county's policy: either (1) an officially promulgated county policy or (2) an unofficial custom or practice of the county shown through the repeated acts of a final policymaker for the county." *Grech v. Clayton Cty.*, 335 F.3d 1326, 1329 (11th Cir. 2003) (*en banc*) (citations omitted). "Under either avenue, a plaintiff (1) must show that the local governmental entity . . . has authority and responsibility over the governmental function in issue and (2) must identify those officials who speak with final

9

policymaking authority for that local governmental entity concerning the act alleged to have caused the particular constitutional violation in issue." *Id*. at 1330 (emphasis added). A plaintiff must also demonstrate "that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." *Brown*, 520 U.S. at 404. "Rigorous standards of culpability and causation must be applied to ensure that the [local governmental entity] is not held liable solely for the actions of its employee." *Id*. at 405.

"To establish the existence of a custom, the plaintiff must show a longstanding and widespread practice." *Marantes v. Miami-Dade Cty.*, 649 Fed.Appx. 665, 672 (11th Cir. 2016) (internal quotation marks omitted) (quoting *Craig v. Floyd Cty.*, 643 F.3d 1306, 1310 (11th Cir. 2011)). Thus, "[a] single incident of a constitutional violation is insufficient to prove a policy or custom even when the incident involves several employees of the municipality." *Craig*, 643 F.3d at 1311 (alteration added). Rather, "considerably more proof than [a] single incident [is] necessary." *Oklahoma City v. Tuttle*, 471 U.S. 808, 824 (1985) (alterations added).

Here, Plaintiff's only substantive factual allegation concerning Sheriff Hardwick alleges a failure "to fix or admonish [the individually named deputies to this lawsuit] for rules and policies that were broken." His claims further allege the Sheriff was deliberately indifferent when he "refus[ed] to discipline [the individually named deputies to this lawsuit] for the use of force (Claim 7) and was deliberately indifferent to Plaintiff's serious medical needs (Claims 8 and 9).

Plaintiff never alleges that the use of force or the deprivation of medical care were *caused* by any policy, custom or practice of the Sheriff. As it pertains to the use of force,

his focus is decidedly *after the fact*. And while he alleges in conclusory fashion that the individually named defendants violated rules and policies, he cites not to one.

At its core, Claim 7 is simply a claim alleging failure to discipline for *this incident*; but such does not, under the facts alleged here, state a violation of any constitutional right. To be sure, Plaintiff cannot show that the failure was the *moving force* of the use of force.

Independently, Claims 8 and 9 present a textbook case of attempting to impose liability based upon *respondeat superior*, which is unavailable under Section 1983.

The decisions in *Monell*, *Praprotnik,* and *Pembaur,* and the 30-plus years of their progeny require more stringent requirements to impose liability on Sheriff Hardwick than *respondeat superior*. In addition, the use of conclusory allegations to show a plausible claim, instead of factual allegations has been proscribed by recent Supreme Court authority. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). For these reasons, Claims 7, 8, and 9 should be dismissed, as well as the official capacity claims asserted against Sgt. Giordano and Deputy McGuire[4].

### C. The Official Capacity Claims Against Any Defendant Other Than Sheriff Hardwick are Redundant, and Dismissal is Appropriate

To the extent this Court believes Sheriff Hardwick in his official capacity should remain in the case, the claims against any other individually named defendant in his official capacity is redundant, warranting dismissal. *Busby*, 931 F.2d at 776; *see also Bermudez v. Osceola County Sheriff's Office*, No. 6:21-cv-1774-WWB-GJK, 2022 21737688, *4 (M.D. Fla. March 7, 2022), *Report & Recommendation adopted sub nom.*

---

[4] This would also be the case for Deputy Bickhart who, as referenced above, has not been served and is therefore not a party to this Motion.

*Bermudez v. Gibson*, No. 6:21-cv-1774-WWB-GJK, 2022 WL 21737687 (M.D. Fla. April 13, 2022).

### D. The Claims Against Sgt. Giordano Are Meritless

Plaintiff's claim against Sgt. Giordano in Claim 6 for allegedly failing to follow "specified criteria" of the Sheriff's Internal Affairs policies is factually and legally meritless. Factually, Plaintiff's Claim 6 can only be premised on the factual allegations in paragraphs 31-33 of the Amended Complaint. (ECF. 28, pp. 18-19). Luckily, Plaintiff attached to his Amended Complaint Sgt. Giordano's letter, which makes it abundantly clear that Plaintiff's complaint was reviewed along with "associated reports," and that based upon that review, Sgt. Giordano concluded "all deputies involved in this incident performed their duties within the guidelines of the Sheriff's Office policy and applicable Florida State Statute(s)." (Id., p. 26). In essence, Count 6 is based upon Plaintiff's disagreement with that conclusion. But, similar to other theories, Plaintiff has cited no specific policy that was violated nor any fact to support that the review was constitutionally infirm.

Plaintiff is also unable to show any constitutional injury which was affirmatively caused by Sgt. Giordano's alleged review or finding. *See Williams v. Bennet*, 689 F.2d 1370, 1380 (11th Cir. 1982) (recognizing that proving liability under 42 U.S.C. § 1983 "plainly requires proof of an affirmative causal connection between the actions taken by a particular person under 'color of state law' and the constitutional deprivation"); *Lozano v. Prummell*, No. 2:22-cv-600-JES-KCD, 2022 WL 4384176, *2 (M.D. Fla. Sept. 22, 2022). For these reasons, Plaintiff cannot show any act by Sgt. Giordano which is actionable under the Fourteenth Amendment.

## **CONCLUSION**

For the foregoing reasons, the Moving Defendants respectfully request this Honorable Court grant this Motion, and enter an order dismissing the claims and parties as follows:

1. Dismiss Sheriff Hardwick as a Party in both his individual capacity and official capacity, and specifically Claims 7, 8, and 9;

2. Dismiss Sgt. Giordano as a Party and, specifically Claim 6;

3. To the extent not previously dismissed, dismiss Claims 1, 2, 3, 4, 5, 6, and 7 to the extent they seek relief under the Eighth Amendment; and

4. To the extent not previously dismissed, dismiss Claims 1, 2, 6, 7, 8, and 9 to the extent they seek to impose liability against the specific Defendant named in each respective claim in his official capacity.

Dated this 19th day of July 2024.

Respectfully submitted,

/s/ Michael P. Spellman
**MICHAEL P. SPELLMAN (Lead Counsel)**
Florida Bar No. 0937975
Email: mspellman@sniffenlaw.com

**SNIFFEN & SPELLMAN, P.A.**
123 North Monroe Street
Tallahassee, Florida 32301
Telephone: (850) 205-1996
Facsimile: (850) 205-3004
***Attorneys for Moving Defendants***

## **LOCAL RULE 3.01(g) CERTIFICATION**

Plaintiff is incarcerated and, as such, the undersigned could not confer with him about the relief sought in this motion.

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on this 19th day of July 2024, a true and correct copy of the foregoing was electronically filed in the United States District Court for the Middle District of Florida using the CM/ECF system, and sent via U.S. Mail on Monday, July 22, 2024, to Plaintiff:

Robert Mustafa La'Hori
DC# 62262
Blackwater River C.F.
5914 Jeff Ates Road
Milton, FL 32583

                                            */s/ Michael P. Spellman*
                                            **MICHAEL P. SPELLMAN**