UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**ROBERT MUSTAFA LA'HORI,**

    **Plaintiff,**

v.     Case No.: 3:23-cv-1307-WWB-MCR

**ROBERT A. HARDWICK,
SERGEANT DOMENIC GIORDANO,
JOHN FRANC McGUIRE, BRIAN
ARMENTA, GAVIN DANE HIGGINS,
THOMAS BICKHART, and GREGORY
MONTGOMERY,**

    **Defendants.**
_____/

## DEFENDANTS' RESPONSE IN OPPOSITION
## TO PLAINTIFF'S MOTION TO COMPEL

Defendants, JOHN FRANC McGUIRE ("Deputy McGuire"), GEORGE MONTGOMERY ("Deputy Montgomery") and BRIAN ARMENTA ("Deputy Armenta") (collectively the "Defendants"), through undersigned counsel, respond in opposition to Plaintiff's Motion to Compel Defendants McGuire, Montgomery, and Armenta Internal Affairs Use of Force Records (ECF No. 80). For the reasons that follow, Plaintiff's Motion should be denied.

## BACKGROUND

**Relevant Procedural and Discovery History**

Plaintiff initiated this case in this Court on November 3, 2023 (ECF. 1) and amended his complaint on June 5, 2024. (ECF. 28). This case concerns an incident that occurred on March 25, 2023, in which Plaintiff led deputies on a high-speed pursuit on I-95, which ended through the use of a PIT maneuver, followed by a foot chase, and

Plaintiff's apprehension, and the force used in securing him. The only remaining claims currently pending against Defendants are Excessive Use of Force and Failure to Intervene to Prevent Misuse of Force, both asserted under the Fourth Amendment. (ECF. 49, p. 12). Defendants Armenta and McGuire are subject to both claims, while Defendant Montgomery is only subject to Failure to Intervene to Prevent Misuse of Force. (ECF. 49, p. 12).

On January 8, 2025, this Court entered a Case Management and Scheduling Order which set March 12, 2025, as the deadline to request discovery. (ECF. 50). On March 13, 2025, Plaintiff sought an extension to conduct discovery (ECF. 60), which the Court granted on March 26, 2025, extending the date on which discovery had to be requested until April 14, 2025. (ECF. 63.).

On April 15, 2025, Plaintiff moved for a second extension of time to allow time to review a flash drive included within Defendants' discovery responses. (ECF. 65), which this Court granted on May 6, 2025, extending the date to request discovery to May 14, 2025. (ECF. 69). On May 12, 2025, Plaintiff moved for a third extension of time (ECF. 76), which the Court granted on June 5, 2025, extending the deadline to request discovery to June 16, 2025. (ECF 78).

**Discovery at Issue**

The issue presented by this Motion is whether Plaintiff is entitled to any use of force reports or response to resistance reports for any incident other than those generated from the incident which underlies this lawsuit. As detailed below, he is not.

The discovery at issue in Plaintiff's Motion is focused upon three separate Requests all served on March 10, 2025: 1) Plaintiff's First Request for Production to

2

Defendant Armenta, 2) Plaintiff's First Request for Production to Defendant McGuire, and 3) Plaintiff's First Request for Production to Defendant Montgomery. More specifically, the requests and responses at issue to each Individual Defendant are[1]:

### *Plaintiff's Request to Deputy Armenta:*

1. Plaintiff requests any and all documents of use(s) of force, internal affairs, findings, letters of reprimand, demotions, inquiries, etc., reports while employed at the Florida Department of Corrections.

**RESPONSE:** Defendant objects to the request on the basis that it is vague to the extent it asks for "reports" as it is unclear what type of reports Plaintiff is seeking. Defendant further objects to this request on the basis that it is overbroad and not proportional to the needs of the case as Plaintiff requests information that is not relevant to the pending claims, excessive use of force and failure to intervene; and further objects to the request to the extent it requests records which occurred after the incident upon which this claim is based, March 25, 2023.

2. Plaintiff requests any and all documents of use(s) of force, letters or reprimand, citizen complaint, investigations, inquiry, etc., including all internal affairs reports involved employee response to resistance: Case No. 160EE012189, Case No: 160FF011394, Case No.: 170FF004566, Case No.: 170FF008173, Case No.: 170EF090244, Case No.: SJS018-OFF000558, Case No.: SJSO190FF003555, Case No.: SJSO190FF004885, Case No.: SJSO190FF005438, Case No.: SJSO190FF005595, Case No.: SJSO190FF005938, Case No.: SJSO190EE006101, Case No.: SJSO200EE011040, Case No.: SJSO290EE001478, Case No.: SJSO290FF003170, Case No.: SJSO210FF003829, Case No.: SJSO22OFF01760, Case No.: SJSO220FF002751, Case No.: SJSO230FF002429, Case No,: SJSO230F003138, Case No.: SJSO230FF004201, Case No.: SJSO230FF6471, Case No.: SJSO230FF008685, Case No.: SJSO230FF009016, Case No.: SJSO240FF005618, Case No.: SJSO24CAD161641 and any present cases while employed at the St. Johns County Sheriff's Office. Produce the requested documents.

**RESPONSE:** Defendant objects to this Request on the basis that it is overbroad and not proportional to the needs of the case as it requests information that is not relevant to the pending claims, excessive use of force

---

[1] In accordance with the procedures of the Middle District of Florida, Defendants have not attached Plaintiff's discovery requests or Defendants' discovery responses as exhibits. Defendants will file such materials should the Court deem it necessary.

and failure to intervene; and further objects to the request to the extent it requests records which occurred after the incident upon which this claim is based, March 25, 2023. There are no responsive documents regarding any improper or excessive use of force which predate March 25, 2023.

### *Plaintiff's Requests to Deputy McGuire*:

1. Plaintiff requests any and all documents of use(s) of force, citizen complaints, letters of reprimand, allegation, internal affairs involved employee while employed at the New York Police department, the State of Maine Police Department, the State of Connecticut Police Department, and St. Johns County Sheriff's Office, including internal affairs case no.: SJSO230FF011222, Case No.: SJSO23CAD257270, and any present cases, produce the documents.

**RESPONSE:** Defendant objects to this Request on the bases it is overbroad and not proportional to the needs of the case as it requests information that is not relevant to the pending claims, excessive use of force and failure to intervene; and further objects to the extent it requests records which occurred after the incident upon which this claim is based, March 25, 2023. There are no responsive documents regarding any improper or excessive use of force which predate March 25, 2023.

### *Plaintiff's Requests to Deputy Montgomery:*

1. Any and all documents of use(s) of force involvement from hiring date November 8, 2021 and any other reports, allegations, citizen(s) complaints, letters or reprimand, inquiry, including internal affairs case no.: SJSO230FF003138, SJSO23)FF005420, SJSO230FF09094, SJSO230FF10059, and SJSO240FF00. If these documents are set forth in any complaint(s), finding(s) or other documents produce these documents.

**RESPONSE:** Defendant objects to this Request on the basis that it is overbroad and not proportional to the needs of the case as it requests information that is not relevant to the pending claim against Defendant, failure to intervene; and further objects to the request to the extent it requests records which occurred after the incident upon which this claim is based, March 25, 2023. There are no responsive documents regarding any improper or excessive use of force which predate March 25, 2023.

Plaintiff has served several rounds of written discovery in this case. On February 20, 2025, Plaintiff served "Plaintiff's First Request for Production On All Defendants" (ECF. 52). Defendants served responses on March 24, 2025. In addition to serving the above

responses on April 14, 2025, Defendants on that same date served a supplemental response to that request, and produced the Response to Resistance Report from the March 25, 2023, incident:

> 6. Any and all documents, photos, taken of Plaintiff March 25th, 2023-March 26, 2023 by the Defendants or the St. Johns County Sheriff's Office, including Plaintiff's booking photos.
>
> **RESPONSE:** Defendants object to this Request as overbroad and vague. The Request does not include which specific documents Plaintiff is requesting and thus, is necessarily inclusive of documents which are entirely irrelevant to any issue in this litigation. Defendants agree to produce the incident report, arrest report, vehicle tow receipt, call history record, citations, and Plaintiff's inmate file. Please see Bates 001-0237.
>
> **SUPPLEMENTAL RESPONSE:** Subject to the previously made objections, Defendants produce the March 25, 2023, Response to Resistance Report. Please see Bates 001928-001933.

Thus, on April 14, 2025, Defendants produced the responsive document and served responses and a supplemental response to at least four different Requests for Production.

On June 2, 2025, Defendants received a letter from Plaintiff dated May 27, 2025, purporting to confer regarding the Defendants' "use of force reports." In his letter, Plaintiff clarified he only wanted use of force reports (as opposed to all other documentation) from Defendants Armenta, McGuire and Montgomery while they were employed with the St. Johns County Sheriff's Office. On June 13, 2025, the undersigned counsel replied to Plaintiff via letter and confirmed that Defendants continued to maintain that Plaintiff's requests, even after the clarification, remained overbroad and not proportional to the needs of the case. Plaintiff subsequently filed his Motion to Compel on June 26, 2025. (ECF 80).

5

In Plaintiff's Motion to Compel, he claims that (1) the use of force reports are relevant to the subject matter, (2) Defendants' objections to his request were not specific, and (3) Defendants' Responses were untimely and thus waived. (ECF 80, ¶¶ 4-9). There are several reasons Plaintiff's Motion should be denied. First, it is incomplete and somewhat incoherent, lacking essential information and creating confusion. Second, Defendants' timely and properly responded to Plaintiff's requests. Third, Plaintiff's requests are overbroad and not proportional to the claims or defenses of this case. Finally, Plaintiff failed to confer in good faith prior to filing his Motion.

## MEMORANDUM OF LAW

### I. Plaintiff's Motion to Compel is Procedurally Deficient

Plaintiff's Motion is both confusing and deficient. It is unclear from Plaintiff's Motion what exactly he is seeking, as his Motion does not reference the specific requests he is moving to compel. (ECF 80). Plaintiff's Motion refers to "internal affairs 'use of force' reports" that he believes would provide relevant information. (ECF 80, ¶ 6). This request differs from the "use of force reports, etc." that Plaintiff first requested in his First Requests for Production to Defendants Armenta, McGuire and Montgomery. (ECF 80, ¶ 2). Further, Plaintiff's Motion fails entirely to inform the Court what has already been produced, specifically, the response to resistance report titled SJSO23OFF003138 created by Defendant Armenta on March 25, 2023 , regarding the incident underlying this lawsuit, which is one Plaintiff circled in the exhibit to his motion. (ECF 80-1, p. 5).

Plaintiff's Motion also references Exhibits A, B, C and D, but only Exhibits B and C are attached. (ECF 80-1). Exhibits B and C are reports Plaintiff acquired through a Pubic Records Request, and reflect response to resistance reports of Defendant's

Montgomery and Defendant Armenta, respectively, over their employment with the Sheriff's Office until 2024. (ECF 80-1). Plaintiff does not include any exhibit related to Defendant McGuire and Defendants are unaware as to what Exhibits A and D are that Plaintiff has referenced in his Motion.

Motions to compel discovery that do not inform the responding party or the court what exactly they are seeking are due to be denied. *Macker v. Naylor*, No. 6:23-cv-1963-JSS-DCI, 2024 WL 4894786, at *2 (M.D. Fla. Nov. 26, 2024) (denying Plaintiff's motion to compel partly because the Court could not decipher the exact nature of the apparent dispute). As such, because Plaintiff's Motion lacks clarity, it should be denied.

II.   **Plaintiff's Requests are Overbroad and Not Proportional to the Needs of the Case.**

Plaintiff's Motion moves to compel "internal affairs 'use of force' reports" for Defendants Armenta, McGuire and Montgomery. (ECF 80). Defendants maintain that this request is not proportional to the needs of the case and overboard. The scope of discovery is governed by Federal Rule of Civil Procedure 26, which uses proportionality and relevancy as the standard. *Mattress by Appointment LLC v. Adams,* No. 3:20-cv-222-J-34PDB, 2021 WL 11962926, at *1 (M.D. Fla. Jan. 8, 2021). Under Rule 26's standard, a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." *Fed. R. Civ. P.* 26(b)(1). Pursuant to Federal Rule of Civil Procedure 26(b)(1), proportionality considers "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id*.

7

"Any application of the proportionality factors must start with the actual claims and defenses in the case, and a consideration of how and to what degree the requested discovery bears on those claims and defenses." *Polycarpe v. Seterus, Inc.*, No. 6:16-cv-1606-ORL-37-TBS, 2017 WL 2257571, at *4 (M.D. Fla. May 23, 2017) (quoting *Witt v. GC Servs. Ltd. P'ship,* 307 F.R.D. 554, 569 (D. Colo. 2014*)*). The only claims currently pending against Defendants are Excessive Use of Force and Failure to Intervene to Prevent Misuse of Force, both asserted under the Fourth Amendment. (ECF. 49, p. 12). Defendants Armenta and McGuire are subject to both claims, while Defendant Montgomery is only subject to Failure to Intervene to Prevent Misuse of Force. (ECF. 49, p. 12). Claims of excessive force brought under the Fourth Amendment are evaluated under an objective reasonableness standard. *Brooks v. Miller*, 78 F.4th 1267, 1282 (11th Cir. 2023). "The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Graham v. Connor*, 490 U.S. 386, 396 (1989).

A failure to intervene claim contains two elements: (1) an officer "fails or refuses to intervene when a constitutional violation ... takes place in his presence," and (2) the "officer must be 'in a position to intervene.'" *Blake v. Gandy*, No. 5:20-cv-137-RV/MJF, 2022 WL 2955285, at *7 (N.D. Fla. June 24, 2022), *report and recommendation adopted,* No. 5:20-cv-137-RV/MJF, 2022 WL 2953692 (N.D. Fla. July 26, 2022). A claim for failure to intervene requires [that the deputies] were in a position to intervene at the time the constitutional violation occurred. *Smith v. Israel*, No. 14--61139-CIV, 2014 WL 11352908 at *7 (S.D. Fla. July 15, 2014), *report and recommendation adopted*, No. 14-61139-CIV, 2014 WL 11353224 (S.D. Fla. July 31, 2014).

Deputies with the St. Johns County Sheriff's Office are required to create reports on response to resistance whenever a deputy applies force, a deputy discharges a firearm, or a deputy takes an action which results in an injury. Here, Deputy Armenta created a response to resistance report regarding the March 25, 2023, incident, which has been produced to Plaintiff.

Plaintiff's requests for response to resistance reports generated before or after March 25, 2023, are not proportional to the needs of this case and fall well outside the scope of relevant discovery. *See Daniels v. Daniels*, No. 3:20-cv-5935-MCR-HTC, 2022 WL 20539239, at *2 (N.D. Fla. Apr. 18, 2022) (finding information relating to prior use of force irrelevant to Plaintiff's claims of excessive force.).

The only claims that remain require an objective assessment of the force used during Plaintiff's arrest on March 25, 2023. Reports involving unrelated incidents on different dates, involving different individuals, circumstances, and uses of force, have no bearing on whether the conduct during Plaintiff's arrest violated the Fourth Amendment. Moreover, Plaintiff's requests are broadly framed and not tailored to seek similar or substantially comparable instances of force, further underscoring their lack of relevance and proportionality.

**III.   Defendant's Responses Were Appropriate Under the Rules of Discovery**

Parties must specify the grounds for objecting to a request for production. *Fed. R. Civ. P.* 34(b)(2)(B). Plaintiff's assertion that "Defendants were not specific in their objections" as to what was overbroad or not proportional to the needs of the case is unfounded. (ECF 80, ¶ 4). Each Defendant provided individualized and detailed objections explaining precisely why the request was overbroad and disproportionate. Both

in their written objections and in correspondence to Plaintiff, Defendants made clear that the request for all use of force reports unrelated to the March 25, 2023 incident is improper. Such reports are neither relevant nor proportional to the needs of the case, as the remaining claims are governed by an objective reasonableness standard that applies solely to the force used during the March 25, 2023 arrest. Incidents occurring on different dates, involving different individuals and circumstances, have no bearing on the constitutional analysis of the specific event at issue.

**IV.    Defendants Responses Were Timely and Should Not Be Waived**

Rule 34 of the Federal Rules of Civil Procedure gives a party thirty (30) days to respond in writing after being served with Requests for Production. *Fed. R. Civ. P.* 34(b)(2)(A). There are certain circumstances when a party is given more time to respond. One of those being when service is done by mail. The method for computing time is set forth in Federal Rule of Civil Procedure 6 which provides that parties are given three extra days to respond when service is made by mail. *Fed. R. Civ. P.* 6(d). ("When a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail), (D) (leaving with the clerk), or (F) (other means consented to), 3 days are added after the period would otherwise expire under Rule 6(a)"). Thus, three days are added to Defendants' response time. Plaintiff mailed his Requests for Production on March 10, 2025. (Exhibit 1). Thirty-three days from March 10, 2025, is Saturday April 12, 2025. Because the date falls on the weekend, Defendants' responses were due Monday April 14, 2025. Defendants timely mailed their responses on April 14, 2025, and therefore their objections should not be waived.

## V.     Plaintiff Did Not Meaningfully Confer

A party moving to compel discovery must have, in good faith, conferred or attempted to confer with the person or party failing to make discovery. *Fed. R. Civ. P. 37(a)(1)*. Before filing a discovery related motion, "a party must confer in a good faith effort to resolve the motion." *See* M.D. Fla. R. 3.01(g). Plaintiff is not excused from this requirement just because he is proceeding pro se. *Taylor v. Montverde Acad.*, No. 5:22-cv-544-GAP-PRL, 2022 WL 17609074, at *4 (M.D. Fla. Dec. 13, 2022).

The Rule 3.01(g) pre-filing requirement "contemplates a substantive discussion, not a one-way communication, such as a letter, without further discussion." *Moore v. Adventist Health Sys. Sunbelt Healthcare Corp.*, No. 6:23-cv-1163-PGB-DCI, 2024 WL 51017, at *1 (M.D. Fla. Jan. 4, 2024) ("The term 'confer' in Rule 3.01(g) means a substantive discussion."); *see also Wrangen v. Pennsylvania Lumbermans Mut. Ins. Co.,* No. 07–61879, 2008 WL 5427785, at *1 (S.D. Fla. Dec. 30, 2008).

Plaintiff's claim that he attempted to confer in good faith is unsupported by the facts and falls short of satisfying his obligation under the Local Rules. In his Motion, Plaintiff asserts that he "attempted" to confer via a letter dated May 27, 2025. (ECF 80). Plaintiff's letter vaguely referenced "use of force" reports but failed to identify the specific request for production at issue, or even which Defendant the request pertained to.

In response, undersigned counsel sent a letter on June 13, 2025, explaining in detail why the use of force reports, unrelated to the March 25, 2023 incident, are irrelevant and not proportional to the needs of the case. Plaintiff never responded, clarified his position, nor made any further attempt to resolve the issue.

Plaintiff's single, vague, letter, without more does not constitute a good faith effort to confer as required by the Federal and Local rules. Rather than initiating a meaningful conversation aimed at resolving the discovery dispute, Plaintiff filed this Motion without any genuine attempt to narrow or clarify the issue. For this reason as well, Plaintiff's Motion should be denied.

## CONCLUSION

Plaintiff's Motion to Compel (ECF 80) should be denied due to Plaintiff's failure to meaningfully confer and because Defendants have provided sufficient discovery responses pursuant to the Federal Rules of Civil Procedure.

Dated this 10th day of July 2025.

Respectfully submitted,

*/s/ Laiken M. Cowley*
**LAIKEN M. COWLEY**
Florida Bar Number: 1059489
Email: lcowley@sniffenlaw.com
**MICHAEL P. SPELLMAN (Lead Counsel)**
Florida Bar No. 0937975
Email: mspellman@sniffenlaw.com

**SNIFFEN & SPELLMAN, P.A.**
123 North Monroe Street
Tallahassee, Florida  32301
Telephone: (850) 205-1996
Facsimile: (850) 205-3004

***Attorneys for Defendants***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th day of July 2025, a true and correct copy of the foregoing was electronically filed in the United States District Court for the Middle District of Florida using the CM/ECF system, which will send a notice of electronic filing to counsel of record and sent via U.S. Mail on July 10th, 2025, to Plaintiff:

Robert Mustafa La'Hori # W62262
Blackwater River C.F.
5914 Jeff Ates Rd.
Milton, FL 32583

                                         */s/ Laiken M. Cowley*
                                         **LAIKEN M. COWLEY**