UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ROBERT MUSTAFA LA'HORI,

    Plaintiff,

v.     Case No. 3:23-cv-1307-WWB-MCR

ROBERT A. HARDWICK, et al.,

    Defendants.
_____

## ORDER

1. Plaintiff's Motion to Compel (Doc. 79), which seeks to compel Defendant, John Franc McGuire, to answer Plaintiff's notice and written deposition questions, is **DENIED**. Upon consideration of the parties' filings (Docs. 79, 81), the Court finds that Plaintiff's Motion is deficient for failure to meaningfully confer as required by Local Rule 3.01(g), and his deposition notice is deficient for failure to comply with Federal Rule of Civil Procedure 31(a)(3) (providing that the notice of written deposition must state, in relevant part, "the name or descriptive title and the address of the officer before whom the deposition will be taken"[1]). *See Benore v. Hill*, No. 3:22CV6064-MCR-HTC,

---

[1] Under Federal Rule of Civil Procedure 28(a)(1), a deposition must be taken before "(A) an officer authorized to administer oaths either by federal law or by the law in the place of examination; or (B) a person appointed by the court where the action is pending to administer oaths and take testimony."

2023 WL 11935265, at *1 n.1 (N.D. Fla. July 13, 2023) ("Federal Rule [of Civil Procedure] 31(a)(3) specifically requires a party seeking to depose a witness by written questions to identify the questions sought to be asked and *the officer before whom the deposition will be taken*." (emphasis added)).  Notably, as the Court has previously advised Plaintiff, his indigency status and incarceration do not absolve him of the responsibility to hire and pay for a court reporter to record Defendant's answers to the written deposition questions.  *See* Doc. 50 at 3 ("The party scheduling the deposition must hire and pay for a court reporter to record the deposition.  If a party is unable to pay the costs of a deposition, the party may not take one."); *see also Benore,* 2023 WL 11935265, at *1 n.1 ("Plaintiff must show he can pay for the costs of the deposition, including paying 'a witness fee, deposition officer fee, court reporter fee, and the cost of a transcript of the proceedings'" (citation omitted)); *Rowan v. Tucker*, No. 4:10-cv-429-MP-GRJ, 2011 WL 4551479, at *4 (N.D. Fla. Sept. 28, 2011) ("Plaintiff is responsible for submitting the written questions to the proposed deponent notwithstanding obstacles to this deposition that exist due to Plaintiff's incarceration, including but not limited to the cost of hiring a court reporter.").

    2.    Plaintiff's Motion to Compel (Doc. 80), which seeks to compel Defendants, George Montgomery, Brian Armenia, and McGuire, to produce for inspection "internal affairs use of force records," is **MOOT** to the extent

Defendants have produced the "response to resistance report" from the March 25, 2023 incident, and **DENIED** in all other respects.  Upon consideration of the parties' filings (Docs. 80, 82), the Court notes that Plaintiff's Motion and discovery requests are unclear as to what specific documents he seeks (*see, e.g.*, Doc. 82 at 5–7), which necessitates the denial of the Motion.  *See Macker v. Naylor*, No. 6:23-cv-1963-JSS-DCI, 2024 WL 4894786, at *2 (M.D. Fla. Nov. 26, 2024) (denying plaintiff's motion to compel partly because the court could not decipher the exact nature of the dispute).  Further, Plaintiff's requests for "response to resistance reports" generated before or after the March 25, 2023 incident, are not relevant or proportional to the needs of this case, particularly since Plaintiff does not assert supervisory liability claims against these Defendants.  *See Davis v. Daniels*, No. 3:20cv5935-MCR-HTC, 2022 WL 20539239, at *2 (N.D. Fla. Apr. 18, 2022) (finding information about defendants' past uses of force irrelevant to plaintiff's claim of excessive use of force, particularly where defendants were not sued on a theory of supervisory liability, but rather for their direct involvement in the alleged constitutional violations for either using excessive force or watching others use excessive force against plaintiff).  Reports involving unrelated incidents on different dates, involving different individuals, circumstances, and uses of force, have no bearing on whether Defendants' conduct during Plaintiff's arrest violated his

3

Fourth Amendment rights.  As in *Davis*, Plaintiff's requests for production are overbroad and not proportional to the needs of the case, because they are "not even limited to incidents of excessive use of force."  2022 WL 20539239, at *4.

3.  The Order to Show Cause (Doc. 46) is **DISCHARGED** in view of Plaintiff's responses (Docs. 47, 48).

**DONE AND ORDERED** at Jacksonville, Florida, on September 10, 2025.

_____
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

JAX-11 9/8
c:   Counsel of Record
     Robert Mustafa La'Hori, #W62262